**Jimmie DEFENBAUGH, Plaintiff—Appellant,**

v.

**COMMISSIONER SOCIAL SECURITY ADMINISTRATION, Defendant—Appellee.**

**No. 05–35576.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 28, 2007.

Filed Oct. 3, 2007.

Ralph Wilborn, Esq., West Linn, OR, for Plaintiff–Appellant.

Craig J. Casey, Esq., USPO–Office of the U.S. Attorney, Mark O. Hatfield U.S. Courthouse, Portland, OR, Stephanie Martz, Esq., SSA–Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

---

* This disposition is not appropriate for publication and is not precedent except as provided

Before: SCHROEDER, Chief Circuit Judge; SILVERMAN and BYBEE, Circuit Judges.

MEMORANDUM *

The facts and procedural posture of the case are known to the parties, and we do not repeat them here. Appellant Jimmie Defenbaugh presents two challenges to the Commissioner's denial of his application for Supplemental Security Income (SSI) disability benefits. We address each in turn.

First, Appellant asserts that the administrative law judge (ALJ) improperly rejected the conclusions of a 2003 functional capacity evaluation conducted at a Veterans Administration (VA) medical center in finding Appellant's residual functional capacity and in posing a hypothetical to a vocational expert based on that finding. We conclude that the ALJ properly rejected the conclusions of the VA functional capacity evaluation because the physical limitations described in that evaluation were not attributable to "a medically determinable impairment or a combination of such impairments" within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.929(b); SSR 96–8p. Substantial evidence supports the ALJ's determination of Appellant's residual functional capacity, and the ALJ properly propounded a hypothetical to a vocational expert based on that residual functional capacity. *See Tackett v. Apfel,* 180 F.3d 1094, 1101 (9th Cir.1999).

Second, Appellant asserts that the ALJ improperly relied on vocational expert testimony to conclude that Appellant could perform the job of park worker and, there-

by 9th Cir. R. 36–3.

fore, that Appellant was not disabled at step five of the five-step sequential evaluation process. *See Tackett,* 180 F.3d at 1099; 20 C.F.R. § 416.920(a)(4)(v). We conclude that the ALJ's reliance on vocational expert testimony to find that Appellant was not disabled at step five was proper. Substantial evidence supports the ALJ's finding that the requirements of a park worker as described in the *Dictionary of Occupational Titles* are consistent with Appellant's residual functional capacity. U.S. DEP'T OF LABOR, DICTIONARY OF OCCUPATIONAL TITLES 406.687–010 (4th ed. 1991).

Accordingly, we **AFFIRM** the Commissioner's denial of Appellant's application for SSI disability benefits.